# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,           Case No. 2:22cr20546

v                                 Hon. Mark A. Goldsmith

D-2 JOHN GIBSON,

               Defendant

_____/

## MOTION OF THE UNITED STATES
## FOR ENTRY OF A RESTRAINING ORDER TO
## PREVENT THE DISSIPATION OF ASSETS

On July 19, 2023 this Court accepted the guilty plea tendered by John Gibson. (ECF No. 45) As part of that plea, Gibson agreed that "[t]he Court must order restitution to every identifiable victim of the defendant's offense." (ECF No. 45, PageID 221). Gibson also specifically agreed that he "engaged in a scheme to defraud Wayne County by using taxpayer dollars to make unauthorized purchases" and that he personally profited from this scheme.  (Id., at PageId 213-214) Immediately prior to tendering his guilty plea, on or about July 13, 2023, Gibson requested distribution of his funds held in the Wayne County Defined Contribution Plan. Gibson has not expressed an interest in have these funds used to pay the expected restitution that is likely to be imposed in this case.

The United States requests the Court enter an order, pursuant to the All Writs Act, 28 U.S.C. § 1651, restraining John Gibson, his agents, assigns, or representatives from dissipating these assets prior to the imposition of restitution in this case.  Further, the United States requests an order directing John Gibson, his agents, assigns or representatives to all funds, received by  or available to John Gibson from the Wayne County Defined Contribution Plan, with the Clerk of the Court for the Eastern District of Michigan.  The clerk should be directed to hold these funds pending sentencing or further order of the court.

The United States has attempted to resolve this matter through contact with counsel for Defendant.  Consent for entry of an order restraining the distribution of these funds was not obtained.


DAWN N. ISON
United States Attorney


By:   s/Jacqueline M. Hotz
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9108
Email: Jackie.Hotz@usdoj.gov
Mich Bar No.: P35219

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,           Case No. 2:22cr20546

v                                 Hon. Mark A. Goldsmith

D-2 JOHN GIBSON,

                Defendant

_____/

**BRIEF IN SUPPORT OF**
**MOTION OF THE UNITED STATES**
**FOR ENTRY OF A RESTRAINING ORDER TO**
**PREVENT THE DISSIPATION OF ASSETS**

The United States seeks an Order preserving the funds held for the benefit of

John Gibson in the Wayne County Defined Contribution Plan. As more fully set

forth below, a restraining order is authorized by the All Writs Act, 28 U.S.C. §

1651 and MCL 38.2701, et seq. Gibson has tendered his plea of guilty to one

count[1] of conspiracy to commit theft from a federally funded program, in violation

of Title 18, Untied States Code, Sections 371 and 666(a)(1)(A). Gibson is facing

the likelihood of the imposition of a significant award of restitution to Wayne

County. Upon information and belief, the funds held by the Wayne County

---

[1] Gibson has pled guilty to count one of the superseding indictment. Count one
alleges a potential loss to Wayne County of $1.7 million. (ECF No. 24, PageID
80)

Defined Contribution Plan are a significant asset that may be available to pay the monetary obligations that will be imposed in this case.

**Background**

On April 29, 2022 a criminal complaint was filed against Kevin Gunn and John Gibson alleging conspiracy, money laundering and wire fraud.  (ECF No. 1) On October 24, 2022, a superseding indictment was filed against Gibson charging him with conspiracy, theft from a federally funded program and criminal forfeiture of up to $1.7 million. (ECF No. 24) As a result of his plea, Gibson faces the imposition of up to $1.7 million in restitution and a fine of up to $250,000.  (Plea, ECF No. 45, PageID 211)

The United States anticipates that the funds, currently held in the Wayne County Defined Contribution Plan, for the benefit of Gibson represent a source of recovery for the victim of his fraud..  Gibson had been employed by the county for approximately 20 years, with 11 of those years as a foreman.  (ECF No. 1, PageID 6)  As such, his voluntary contributions to this retirement fund are not insignificant.  This money should be preserved for the victim and not dissipated by Gibson prior to sentencing.

Sentencing in this case is currently set for November 27, 2023.

**Discussion**

Restitution to victims of offenses committed by fraud or deceit is mandatory. 18 U.S.C. §§ 3663A(a)(1) and (c)(l)(A)(ii). It is well established, that restitution must be ordered to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.18 U.S.C. § 3664(f)(l)(A)

Upon sentencing, the restitution order imposed against Gibson will be enforceable against all property or rights to property he has, with the exception of certain property exempted by statute, which will be nominal or largely inapplicable in this case, and with the exception of certain dollar limitations for property being garnished, are also largely inapplicable. 18 U.S.C. §§ 3613(a) and 3613(f). To the extent possible, Gibson's property and property rights should be preserved for restitution by means of the accompanying, proposed restraining order prior to sentencing until judicial determinations can be made regarding the liquidation and application of the assets to the restitution obligation.

The United States owes a duty to the victim of Gibson's fraud to maximize the recovery of its loss.  18 U.S.C. § 3771(a)(6)  The Court is empowered under the All Writs Act and the Federal Debt Collection Procedures Act to authorize the restraint of assets pending sentencing.

In *United States, v. Catoggio*, 698 F.3d 64, 68 (2d Cir. 2012), the Court of Appeals for the Second Circuit upheld the district court's restraint of the defendant's assets under the All Writs Act, 28 U.S.C. §1651 to preserve them for restitution in anticipation of [re]sentencing. With respect to its authority under the All Writs Act, the Court stated: "The All Writs Act enables federal courts to 'issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.' 28 U.S.C § 1651(a). The broad power conferred by the All Writs Act is aimed at achieving the ''rational ends of law." Thus, courts have significant flexibility in exercising their authority under the Act." *Id*. at 67 (Supreme Court citations omitted).

Restraint of assets pursuant to the All Writs Act prior to the entry of an almost certain restitution order is appropriate because there are no other apparent legal alternatives, i.e., applicable statutes authorizing the restraint of assets prior to sentencing to preserve them for restitution. See *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34, 123 S.Ct. 366, 371(2002) ("[I]nvocation of the All Writs Act[] does not dispense with need for compliance with statutory requirements.").

The *Catoggio* Court noted that the courts that had addressed this issue in the past, inter alia, in the Second, Fourth and Eighth Circuits, had uniformly held that such restraint was permissible under the All Writs Act. 698 F.3d at 67 (citations omitted).

Indeed, "if a trial court does not have authority to order a defendant, post-conviction but prior to sentencing, not to dispose of his assets, then the court is without any meaningful ability to impose a proper sentence under the guidelines and to fulfill the intent and mandate of Congress that a financially able defendant pay [restitution]." *United States v. Sullivan*, 2010 WL 5437243, at *6 (E.D.N.C. Nov. 17, 2010) (Exh; 13) (quoting *United States v. Gates*, 777 F. Supp. 1294, 1296 n.7 (E.D. Va. 1991). A similar view supporting pre-sentence restraint was expressed around the same time in *United States v. Ross,* 1993 WL 427415 at *1 (S.D.N.Y. 1993) (unpublished) ("There is no logic to the position that the Court is powerless to enter a restraining order after a jury has found a defendant guilty of participating in a large-scale fraud simply because sentencing has been delayed so that a presentencing report may be prepared") (Exh. 14).

In *United States, v. Yielding*, 657 F.3d 722, 727 (8th Cir. 2011), under the All Writs Act, the Court of Appeals for the Eighth Circuit upheld the district court's restraining order involving the proceeds of a settlement check from unrelated civil litigation in which the defendant had an interest, to preserve the proceeds for restitution. The Court stated: "We agree that a sentencing court has jurisdiction to enforce its restitution order and may use the All Writs Act when necessary and appropriate, to prevent the restitution debtor from frustrating collection of the restitution debt." *Id.* (in support citing, inter alia, 28 U.S.C. §

3202(a) (court may issue writs under the All Writs Act when necessary to support enforcement of a judgment); *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 598-601 (E.D. Va.2004) (statutory mechanisms to enforce restitution order not "instantaneously available" and do not ensure availability of assets for restitution); *United States v. Runnels*, 335 F. Supp. 2d 724, 725-726 (E.D. Va. 2004) (finding the defendants were "diverting and concealing assets through corporations to avoid paying restitution" and issuing a restraining order against them and all persons in concert with them under the All Writs Act, 28 U.S.C. § 1651)). Federal courts have continued to apply the All Writs Act in more recent decisions, albeit unpublished, to authorize restraining orders to preserve assets for restitution. *E.g., U.S. v. Fellows*, No. 8:19CR28, 2019 WL 2371715 (D. Neb. June 5, 2019) (Exh, 15). Like orders have been issued in this district. *E.g.*, *United States v. Nazzal, et al*, No. 13-mc-51028, Order Granting in Part Motion for Restraining Order (ECF No. 10) (E.D. Mich. June 27, 2013) (Exh, 16); *United States v. Goldfein*, No. 17-mc-51146, Stipulated Restraining Order (ECF No. 10) (E.D. Mich. Aug. 28, 2017) (Exh.17); *United States v Botimer*, No. 1:21mc50664, Stipulated Restraining Order (ECF No. 10)(E.D. Mich. July 13, 2021); *United States v William Elias*, No. 21mc51049, Temporary Restraining Order (ECF No. 10)(ED MI August 22, 2021) and Restraining Order, (ECF No. 21)(ED MI October 7, 2021).

The *Sullivan* court had found that the defendant was dissipating or

attempting to dissipate assets prior to sentencing and the entry of a restitution order with the help of a third party who was acting as his attorney. The court noted that its power to restrain assets "include[d] the power to enjoin or bind non-parties." *Id.*, at* 5 (citations omitted).

In that regard, *Sullivan* relied principally on *United States v. New York Tel. Co.*, 434 U.S. 159, 98 S. Ct. 364 (1977), which states: "The power conferred by the [All Writs] Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." 434 U.S. at 174, 98 S. Ct. at 373 (citations omitted).

Accordingly, the proposed order restraining assets encompasses individuals and entities besides Gibson extending to all parties acting in concert with Gibson to conceal, transfer or dissipate any assets that would otherwise be available to satisfy the restitution order. The proposed restraining order provides for objections to the order by any party upon 48 hours' notice to other parties.

In this case, the conduct being proscribed is sufficiently identified and described, and comprehensible, as evident from the language in the accompanying proposed order. "[I]njunctive relief under the All Writs Act need not rigidly comply with [Fed. R. Civ. P] 65's prescriptions [for injunctions and restraining orders] so long as the injunction is 'specific and definite enough to apprise those

within its scope of the conduct that is being proscribed.'" *United States v. Yielding,* 657 F.3d at 727 (citations omitted).

The United States is authorized under 18 U.S.C. § 3613(a) to collect criminal fines and restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or state law," including the Federal Debt Collection Practices Act of 1990 ("FDCPA"). *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002). The FDCPA authorizes the Court to utilize the All Writs Act, 28 U.S.C. §1651, to support any of the remedies set forth in the FDCPA. 28 U.S.C. § 3202(a). Once defendants are sentenced, various remedies are available to the Government under the FDCPA to enforce collection of the restitution obligation and court-imposed fines. However, none of the available remedies can be instantly implemented, and none prevents a defendant or those acting on his behalf from dissipating his assets or otherwise secreting, wasting, or placing them beyond the reach of the government. In short, none reasonably ensures the effectiveness of the Court's anticipated order for restitution. Only the restraining order can serve this function at this time, and accordingly, the United States requests an order restraining Defendant's interest in the defined contribution plan so it is available to satisfy a potentially substantial criminal monetary judgment.

**Conclusion**

As a result of the foregoing, the Government respectfully requests the Courte enter an order directing the Defined Contribution Plan of Wayne County to hold funds that may be due John Gibson, or alternatively order John Gibson, his agents or representatives, to preserve all of the funds available to him from his participation in the Defined Contribution Plan of Wayne County and prohibiting John Gibson, his agents, assigns or representatives from transferring or dissipating these funds without further order of this court.  A proposed order is being submitted contemporaneously herewith.

DAWN N. ISON
United States Attorney

By:   s/Jacqueline M. Hotz
       Assistant U.S. Attorney
       211 W. Fort St., Ste. 2001
       Detroit, Michigan 48226
       Phone: (313) 226-9108
       Email: Jackie.Hotz@usdoj.gov
       Mich Bar No.: P35219

Date: August 3, 2023

**CERTIFICATE OF SERVICE**

I certify that on August 3, 2023 I filed the United States Motion for Entry of a Restraining Order with the Court's electronic filing system which system will provide notice to all counsel of record.

s/Jacqueline M. Hotz
